### WILLIAM HOLLAND *vs.* SCOTT SEAGRAVE & another.

Under *Sts.* 1855, *c.* 215, § 25, and *c.* 397, a search warrant for intoxicating liquors need not state " that probable cause has been shown for the issuing thereof."

In an action against a deputy sheriff for seizing intoxicating liquors, who justifies under a warrant and notice under *St.* 1855, *c.* 215, § 25, the plaintiff cannot introduce evidence that the warrant was not returned upon the day mentioned in his return thereon, and that the notice issued on the warrant was intentionally dated back by the magistrate.

ACTION OF TORT for taking, carrying away and converting to the defendants, own use some intoxicating liquor and the vessels containing it. The defendants justified under a warrant issued by a justice of the peace on the 4th of March 1856, to Seagrave as a deputy of the sheriff of Worcester, under the *St.* of 1855, *c.* 215, § 25, directing him to seize the liquors therein described, under the provisions of that act.

At the trial in the court of common pleas, before *Morris*, J., the plaintiff objected to the admission of this warrant, because it did not allege " that probable cause had been shown for the issuing thereof;" and asked the court to instruct the jury that it was so defective as to constitute no legal defence to this action But the court declined so to do.

The plaintiff then offered to show that the warrant, which was required by *St.* 1855, *c.* 215, §§ 26, 30, to be returned within forty eight hours, and the return on which was dated the same day as the warrant itself, was not in fact returned until the 8th of that month, and that the notice issued thereon and dated the 6th was in fact issued on the 8th of March, and intentionally dated back by the magistrate. But the court excluded the evidence.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*P. P. Todd*, for the plaintiff.

*P. E. Aldrich*, for the defendants.

METCALF, J. This action is against a deputy sheriff and his assistants for acts done by them in execution of a warrant under *St.* 1855, *c.* 215; and the main question in the case is, whether that warrant was such as authorized the defendants to

do those acts, or was defective and illegal, so that it furnished no justification to them.

By § 25 of the statute above cited, it is provided that if two persons of full age, and competent to testify, shall make complaint, on oath, to a justice of the peace, that they believe intoxicating liquor is kept or deposited in any place, by a person named in the complaint, and intended for sale in this commonwealth by him, he not being authorized to sell it, the justice, " upon its appearing that there is probable cause to believe said complaint to be true, shall issue a warrant of search ; " and the warrant " shall allege that probable cause has been shown for the issuing thereof." By the subsequent *St.* of 1855, *c.* 397, certain forms of proceeding under the former statute are authorized ; and the form there set forth for a warrant, on a complaint like that which was made in this case, contains these words : " It appears to me, on the complaint aforesaid, that probable cause has been shown for the issuing of a warrant of search thereupon." The warrant now before us does not contain these words, nor does it aver or recite, in the language of *c.* 215, that it appeared that there was " probable cause to believe said complaint to be true." Is the warrant, for this cause, irregular and void ?

The *St.* of 1855, *c.* 397, which authorizes certain forms of process, &c. in cases like this, expressly declares that the provision for those forms " shall not be so construed as to prohibit the use of other suitable forms." Now we have no doubt that the warrant issued in this case would be suitable — that is, in sufficient legal form — without any averment or recital concerning probable cause, if the statute above cited had not expressly directed that it should allege that probable cause had been shown. The preceding provision, that the justice should issue it, on its appearing that there was probable cause, would not have made it necessary to allege probable cause in the warrant. The Rev. Sts. *c.* 142, § 1, provide that when complaint shall be made, on oath, to a magistrate, that personal property has been stolen, and that the complainant believes that it is concealed in a particular place, " the magistrate, if he be satisfied that there is reasonable cause for such belief, shall issue a warrant to

search for such property." And by § 2, on a like complaint made on oath, a magistrate may, " when satisfied that there is reasonable cause," issue warrants to search for counterfeit money, lottery tickets, gaming apparatus, &c. So by the Rev. Sts. *c.* 135, § 2, upon complaint to a magistrate that a criminal offence has been committed, he shall examine the complainant on oath, and any witnesses produced by him, and " if it shall appear that any such offence has been committed, he shall issue a warrant for the arrest of the person accused." But we are not aware that it was ever thought necessary that a search warrant, issued under *c.* 142, should aver or recite that there was " reasonable cause " for issuing it; or that a warrant issued under *c.* 135 should aver or recite that it had appeared that an offence had been committed; and we have never seen a search warrant, or other warrant, which contained such an averment or recital. See D. Davis's Justice (3d ed.) 233–237, 707–710 ; *Commonwealth* v. *Dana*, 2 Met. 331. The manifest purpose of the provision in the foregoing chapters of the revised statutes, as to probable cause, was to preclude the possible implication from the other provisions, that on a complaint made on oath to a magistrate, and on sworn testimony before him, he would be bound to issue a warrant, although he might not be satisfied that it ought to be issued.

Our opinion is, that the provision in *St.* 1855, *c.* 215, § 25, which directs that a warrant, in a case like this, shall allege that probable cause was shown for issuing it, is so far repealed by the subsequent *St.* of 1855, *c.* 397, which authorizes such warrant to be issued in other suitable forms, as to render valid the warrant now before us.

The evidence, which the plaintiff offered as to the time of the return of the warrant, and the time of the issuing of the notice by the justice, was rightly excluded. If admitted, it would have been of no avail to the plaintiff, in this action. The antedating of the order of notice, by the magistrate, could not affect the authority of the officer to serve it; and if he made a false return, the plaintiff's remedy is by a different action.

*Exceptions overruled.*